**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HURMAN LEE ROBERTS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      **Case No. 03-CV-0379-CVE-SAJ** |
| | ) |
| RON WARD, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Petitioner challenges his convictions of First Degree Rape and Rape by Instrumentation entered in Rogers County District Court, Case No. CF-1999-097. Respondent filed a response to the petition (Dkt. # 5), and has provided the state court records necessary for adjudication of Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 8). Also before the Court is Petitioner's motion to expedite ruling (Dkt. # 11). For the reasons discussed below, the petition shall be denied and the motion to expedite shall be declared moot.

### BACKGROUND

In the early morning hours of March 30, 1999, Petitioner entered a bedroom where the fifteen year old victim was sleeping. Petitioner was a friend of the victim's uncle. Petitioner began rubbing the victim's leg, moved her panties aside, stuck his finger in her vagina and then had sexual intercourse with her. After Petitioner left the bedroom, the victim went to the bathroom where she stayed for several hours until her mother awoke. The victim reported what had happened and the

police were called. Petitioner was picked up by Inola police officers and charged with one count of first degree rape and one count of rape by instrumentation.

On January 24, 2000, Petitioner, represented by attorney Timothy Wantland, entered a guilty plea in Rogers County District Court, Case No. CF-1999-097, to rape in the first degree after former conviction of a felony (Count 1) and rape by instrumentation after former conviction of a felony (Count 2).  On June 5, 2000, prior to sentencing, the trial court held a hearing on Petitioner's *pro se* request to withdraw his plea. Petitioner was represented at the hearing by attorney Robert E. Price. The trial court denied Petitioner's application to withdraw his plea and sentenced him to concurrent sentences of thirty (30) years imprisonment on each count. Petitioner did not move to withdraw his guilty plea during the ten-day period following pronouncement of his Judgment and Sentence.  He did, however, perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he identified three (3) propositions of error as follows:

> Proposition 1: Petitioner's convictions for rape and rape by instrumentation violate the prohibitions against double punishment and double jeopardy.
>
> Proposition 2:  The trial court erred in refusing to grant Mr. Roberts' motion to withdraw his plea of guilty.
>
> Proposition 3:  The sentences imposed were excessive.

(Dkt. # 5, Exs. A, B). In an unpublished summary opinion, filed December 5, 2000, in Case No. C-2000-786, the OCCA denied each of Petitioner's claims.  See Dkt. # 5, Ex. C.

On January 4, 2002, Petitioner filed an application for post conviction relief in the state district court.  By order filed April 10, 2002, the requested relief was denied. See Dkt. # 5, Ex. D. Petitioner filed a post-conviction appeal in the OCCA, No. PC-2002-606. Id.  By order filed May 29, 2002, the OCCA declined jurisdiction and dismissed the attempted post-conviction appeal as

untimely.  <u>See</u> Dkt. # 5, Ex. E (citing Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*).

Petitioner indicates that on June 13, 2002, he filed a second application for post-conviction relief requesting a post-conviction appeal out of time.  <u>See</u> Dkt. # 5, Ex. F.  By order filed January 30, 2003, the state district court denied the requested relief.  <u>See id.</u>  Petitioner appealed and on May 16, 2003, the OCCA affirmed the district court's denial of a post-conviction appeal out of time.  <u>See</u> Dkt. # 5, Ex. G.

On May 30, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner seeks habeas corpus relief on the following grounds:[1]

Proposition 1:  Denied post-conviction appeal through no fault of Petitioner.

Proposition 2:  Petitioner's convictions for rape and rape by instrumentation violate the prohibition against double punishment and double jeopardy, and had Petitioner been advised of this he would not have entered a plea of guilty and elected to go to trial.

Proposition 3:  The trial court erred in refusing to grant Petitioner's motion to withdraw his plea of guilty.

Proposition 4:  The sentences imposed were excessive.

Proposition 5:  Post-conviction claim of ineffective assistance of appellate counsel "for not charging trial counsel with error in that there was no evidence of first degree on count(s) only second degree causing plea to be invalid."

(Dkt. # 1). Respondent contends that the issues raised by Petitioner are either procedurally barred, not cognizable in this habeas corpus proceeding, or without merit.  <u>See</u> Dkt. # 5.

---

[1] Petitioner listed the first ground for relief on page 5 of his petition and provided his supporting argument for this ground in two attached pages. Grounds 2-5 are listed, without supporting argument, on an attached page identified as "Issues brought before the Federal Court from Direct Appeal."

*ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that Petitioner has exhausted state remedies by presenting his claims to the OCCA in his *certiorari* appeal and post-conviction proceedings. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by state courts**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated claims 1-4 on *certiorari*  appeal and in post-conviction

4

proceedings.  Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding or not precluded, those claims shall be reviewed pursuant to § 2254(d).

### 1. Denial of post-conviction appeal (ground 1)

In Petitioner's first claim for relief, he complains that the state district court and the OCCA denied his request to appeal out of time. Petitioner asks this Court to review the state appellate court's dismissal of his post-conviction appeal because it was untimely. See Dkt. # 1 at 5, and attached (unnumbered) pages.  Petitioner provides extensive details regarding the factual reasons for the untimeliness of his state court pleadings, but he does not allege a violation of federal law. See Dkt. ## 1 and 8.

Respondent asserts that this claim is not cognizable on federal habeas corpus review because it does not concern federal law.  The Court agrees with Respondent.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  The question of the timeliness of Petitioner's Oklahoma post-conviction pleadings is solely a matter of state law and is not cognizable in a federal habeas proceeding. No constitutional provision requires a state to grant post-conviction review. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).  Because "the issue raised by Petitioner focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998).  Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Double jeopardy (ground 2)

As his second proposition of error, Petitioner asserts that he was subjected to multiple punishment for one continuing offense in violation of Oklahoma statutes and the double jeopardy clauses of the Oklahoma Constitution and the United States Constitution. The OCCA rejected this claim, citing Blockburger v. United States, 284 U.S. 299, 304 (1932) (establishing that the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not), and Okla. Stat. tit. 21, §11.  (Dkt. # 5, Ex. C at 2).

First, Petitioner's claim that he has suffered multiple punishments in violation of Oklahoma statutes and the Oklahoma Constitution shall be denied because it is not cognizable on federal habeas corpus review.  As discussed above, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle, 502 U.S. at 67-68 (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2241.  Petitioner's multiple punishment claim, insofar as it is based on Oklahoma statutes and the Oklahoma constitution, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense.  North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989).  This protection is limited to ensuring "that the sentencing discretion of courts is confined

to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Dixon, 509 U.S. 688, 696 (1993).

In this case, although both of Petitioner's convictions resulted from one series of acts committed by Petitioner against the victim on March 30, 1999, they are not violative of the Double Jeopardy Clause. As relevant to the facts of this case, rape is defined under Oklahoma law as being "an act of sexual intercourse involving vaginal or anal penetration accomplished with a male or female who is not the spouse of the perpetrator and who may be of the same or opposite sex as the perpetrator under any of the following circumstances: 1. Where the victim is under sixteen (16) years of age . . . ." Okla. Stat. tit. 21, § 1111(A)(1). "Sexual intercourse is the actual penetration of the vagina/anus by the penis. Any sexual penetration, however slight, is sufficient to complete the crime of rape." OUJI-CR-2d, 4-122. Rape by instrumentation occurs when "any inanimate object or any part of the human body, not amounting to sexual intercourse is used in the carnal knowledge of another person without his or her consent and penetration of the anus or vagina occurs to that person." Okla. Stat. tit. 21, § 1111.1. Thus, the crime of rape requires proof of penetration

of the victim's vagina or anus by the perpetrator's penis.  In contrast, the crime of rape by instrumentation requires proof of penetration of the victim's vagina or anus by an inanimate object or body part other than the penis.

Under Oklahoma law, the crimes of rape and rape by instrumentation require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap.  See Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes").  Therefore, the crimes of rape and rape by instrumentation are separate and distinct offenses, and Petitioner's conviction on each crime does not violate double jeopardy.  The OCCA's rejection of this claim was not an unreasonable application of federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on this claim.

### 3. Trial court's refusal to allow withdrawal of guilty plea (ground 3)

For his third claim, Petitioner asserts that the trial court erred in refusing to grant his motion to withdraw guilty plea. He alleges that his plea was not made in an intelligent manner because he was not aware that he had a double jeopardy defense. The OCCA denied this claim,  finding that the record revealed "a sufficient factual basis to support the guilty plea." See Dkt. # 5, Ex. C at 2. Because the OCCA adjudicated the claim on the merits, the § 2254(d) standard of review governs this Court's review.  In addition, the state courts' findings of fact carry a presumption of correctness. 28 U.S.C. § 2254(e)(1).  However, whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law. Marshall v. Lonberger, 459 U.S. 422, 431 (1983). Petitioner's state court guilty plea is constitutional "if the circumstances demonstrate that [he]

understood the nature and the consequences of the charges against him and that [he] voluntarily chose to plead guilty." Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir. 1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)).  "It is beyond dispute that a guilty plea must be both knowing and voluntary. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 28-29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970) (other citations omitted)). On habeas review, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

In the instant case, at the time Petitioner's guilty plea was accepted by the trial court, Petitioner signed, under oath, a document entitled "Plea of Guilty--Summary of Fact" reflecting the counseled and voluntary entry of a plea of guilty.  See Dkt. # 5, Ex. I. In that document, Petitioner was asked, "Do you understand the nature and consequences of this proceeding?"  Petitioner circled "Yes." Id. at 52.  Similarly, Petitioner circled "yes" when asked, "Do you plead guilty of your own free will and without any coercion or compulsion of any kind?" Id. at 54.  Petitioner further averred that the answers provided in the form were true and correct.  Id.  Petitioner also indicated that he and his attorney reviewed the form and that he understood its contents and agreed with the answers provided.  Id.  Petitioner admitted he committed the acts as charged in the Information, and stated the factual basis for his plea, as follows:  "Had sex with her at her house in Inola." Id.

In accepting Petitioner's plea, the trial court found that Petitioner had been sworn and responded to the questions under oath, that he understood the nature, purpose and consequences of the proceeding, that the plea of guilty was knowingly and voluntarily entered, that Petitioner was competent to enter a plea of guilty, that a factual basis existed for the plea, and that Petitioner was

9

guilty as charged.  Id. at 55.  As discussed above, those finding of fact are presumed correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Petitioner has made no showing that his guilty plea was other than voluntary and counseled.  Petitioner's assertion that he would not have plead guilty if he had known he had a double jeopardy defense lacks merit as the Court has previously explained that the charges did not subject him to double jeopardy or double punishment.  Therefore, the Court concludes that Petitioner's guilty plea was both knowing and voluntary. He has failed to establish that the state court's refusal to allow him to withdraw his plea was a denial of his constitutional rights. Furthermore, the Court finds Petitioner has failed to demonstrate that the decision of the OCCA was contrary to clearly established federal law as set forth by the Supreme Court or that there was an unreasonable application of Supreme Court law to the facts of this case. His request for habeas corpus relief on this issue shall be denied.

### 4. Claim of excessive sentence (ground 4)

As his fourth proposition of error, Petitioner alleges that his sentences are excessive.  In his certiorari appeal, Petitioner acknowledged that the thirty (30) year sentences are within the range of punishment provided by law, but complained that the sentences do not bear a direct relationship to the nature and circumstances of the offenses (Dkt. # 5, Ex. A at 14).  The OCCA rejected the claim, stating that,

> [C]onsidering the facts of this case, including Petitioner's prior violent felony, knowledge of wrong, his testimony at the motion to withdraw plea hearing, and his knowing and voluntary agreement to the sentence at the plea hearing, along with the fact that each count held a minimum sentence of ten years, the sentence, although severe, is not so excessive as to shock the conscience of the Court. *Freeman v. State*, 1994 OK CR 37, ¶ 38, 876 P.2d 283, 291.

Dkt. # 5, Ex. C at 2-3.

10

To obtain federal habeas relief based on an allegedly excessive sentence, a litigant must show that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir.1987); see also Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir.1988) ("Generally, . . . appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute."); Herron v. United States, 551 F.2d 62, 64 (5th Cir.1977) (per curiam) ("The severity of a sentence imposed within the statutory limits will not be reviewed."). Although incarcerating a defendant beyond a states's maximum applicable sentence "may implicate constitutional concerns, the period of incarceration within that time is necessarily discretionary with the sentencing judge." Vasquez, 862 F.2d at 255.  Defendants have "no right to a particular sentence within the statutory limits." Id.

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim warrants habeas corpus relief under § 2254(d).  Petitioner fails to identify a constitutional basis for his challenge to his sentence. As acknowledged by the OCCA, Petitioner's sentence did not exceed the maximum established by state law. In addition, although Petitioner does not cite the Eighth Amendment's prohibition on cruel and unusual punishment as the basis for his claim, the Court nonetheless finds Petitioner is not entitled to relief under the Eighth Amendment.  He has not demonstrated that his sentence is grossly disproportionate to the crime he committed. See Hawkins v. Hargett, 200 F.3d 1279, 1282-84 (10th Cir. 1999).  The Court concludes Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law.  As a result, Petitioner is not entitled to habeas corpus relief on his claim that his sentences are excessive.

**C.  Procedural Bar**

11

In his fifth ground Petitioner claims he was denied the effective assistance of appellate counsel because appellate counsel did not raise an ineffective assistance of trial counsel claim in Petitioner's *certiorari* appeal. This issue was raised for the first time in post-conviction proceedings. After the state district court denied relief, <u>see</u> Dkt. # 5, Ex. D, the OCCA imposed a procedural bar on Petitioner's claim and dismissed the post-conviction appeal because Petitioner failed to file his post-conviction petition in error within thirty (30) days of the entry of the district court order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. <u>See</u> Dkt. # 5, Ex. E. The OCCA specifically cited to Rule 5.2(C) (providing that "[f]ailure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal"), as authority for the procedural bar. <u>See</u> Dkt. # 10, Ex. F.

In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's fifth claim. The Court agrees with Respondent that Petitioner's claim is procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." <u>Id.</u> (quoting <u>Andrews v. Deland</u>, 943 F.2d 1162, 1190 (10th Cir. 1991)).

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." <u>Maes</u>, 46 F.3d at 985. The

OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998). This Court must recognize the default in this case. Cf. Smallwood v. Gibson, 191 F.3d 1257, 1268-69 (10th Cir. 1999) (finding petitioner's failure to raise the factual bases for his ineffective assistance of counsel claims in his first application for state post-conviction relief precluded habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

As a result of Petitioner's procedural default, this Court may not consider the claim unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply, Petitioner explains that his post-conviction appeal was dismissed as untimely because it was filed three (3) days[2] late. See Dkt. # 8. He acknowledges that the OCCA does not

---

[2] In its order dismissing the post-conviction appeal, the OCCA states that the appeal was filed May 13, 2002, or three (3) days beyond the deadline of May 10, 2002. See Dkt. # 5, Ex. E.

recognize the prisoner mailbox rule.  <u>See</u> Dkt. # 1, attachment.  Petitioner avers in his both his petition and his reply, that he placed his legal work for his post-conviction appeal in the box for mailing on May 8, 2002.  <u>See</u> Dkt. ## 1, 8.  Because the state district court denied post-conviction relief on April 10, 2002, Petitioner's deadline at the OCCA was May 10, 2002, or only two (2) days after he allegedly deposited his paperwork for mailing.  In light of that time frame, it appears Petitioner simply waited too long to give his paperwork to prison officials to insure timely filing at the OCCA.  Petitioner has not provided any evidence suggesting interference by state officials in the delivery of his post-conviction paperwork or that some objective factor, other than his own actions, impeded his efforts to comply with the state procedural rules. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception.  <u>Herrera v. Collins</u>, 506 U.S. 390, 403-404 (1993); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339-41 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence.  <u>Beavers v. Saffle</u>, 216 F.3d 918, 923 (10th Cir. 2000) (citing <u>Herrera</u>, 506 U.S. at 404).  However, Petitioner does not assert that he is actually innocent of the crimes for which he was convicted.  As a result, he does not fall within the fundamental miscarriage of justice exception.  The Court concludes that Petitioner's claim of ineffective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel is procedurally barred and habeas corpus relief must be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  Petitioner's motion to expedite (Dkt. # 11) is **declared moot**. A separate Judgment shall be entered in this case.

**DATED** this 11th day of August, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

15